**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BILLY JOE HAYES, #110591** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 4:11cv175-LRA**

**WARDEN TERRELL, ET AL** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE is before the Court on the Motion for Summary Judgment [32] filed by Defendant Brenda Sims. Plaintiff Billy Joe Hayes has not filed a written response to the request to dismiss. The Court has considered the pleadings and exhibits, Hayes's sworn testimony given at the omnibus hearing, and the applicable law. This review compels the Court to find that Defendants are entitled to a judgment at law, as there are no genuine issues of material fact at issue in this case. The Motion for Summary Judgment shall be granted.

**FACTS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Hayes's sworn testimony at the omnibus hearing, in conjunction with the written evidence submitted by Defendant, reveal the following relevant facts. Hayes is incarcerated as a convicted felon in the custody of the Mississippi Department of Corrections ["MDOC"] at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi. He was housed in the South Mississippi Correctional Institute ["SMCI"] in Leakesville, Mississippi, until March 24, 2011. On that day, he was in the medical unit in SMCI and was given a shot to calm him

down. That facility wanted to have him transferred immediately to EMCF, and he was not allowed to pack his own property before being transported. According to the Complaint, his mental health counselor, Ms. Franklin, asked if Plaintiff could go get his personal property. She was told that Commissioner Sparkman of MDOC wanted Plaintiff moved as soon as possible and that his property would be sent.

According to Plaintiff, he arrived at EMCF on the same date, March 24, 2011. On April 10, 2011, 17 days later, he filed a complaint with the Administrative Remedy Program at EMCF explaining that his property was not sent to him. Ms. Jackson worked on his ARP at EMCF. She investigated and told Plaintiff that they had searched EMCF, and that his property was never received from SMCI. She told Plaintiff that he would have to file an ARP with SMCI. Plaintiff questioned that instruction, because Ms. Sims, who answered his ARP, worked at SMCI. Nevertheless, Plaintiff sent the original ARP copy to SMCI.

Plaintiff's ARP stated the following:

> On the 24th day of March 2011, at approx. 12:30 p.m., I was transferred from the medical dept. at Greene County (S.M.C.I.) to E.M.C.F. At the time of being transferred, I was not allowed to go back to the building I was staying in to pack my property and was told by the transporting officer that my personal property would be forwarded to me. When transferred, my personal property, as being radio, personal letters, pictures, legal materials, and hygiene products were left at Greene County (S.M.C.I.). As of the date of this complaint, I have not received my personal property from Greene County.

As relief, Plaintiff only requested that his property be returned. This ARP was dated 4/20/2011.

On June 15, 2011, "S. Carter" filed the First Step Response, stating:

> Spoke with Lt. Boner on 6-15-11 at apprx 1445. She stated offender Hayes' property was delivered to EMCF on 4-21-11 by SMCI transportation.

Another response was submitted by S. Carter, also dated June 15, 2011, but it says the property "was delivered to Offender Hayes by SMCI transportation."

Plaintiff's Second Step Response was dated September 13, 2011, and signed by "Warden Terrell." It states:

> Offender Hayes, EMCF has no record of your property being transferred from SMCI. You arrived on 3-24-11 and your property was supposed to be delivered on 4-21-11. There is no record of this. You will need to contact SMCI officials.

Plaintiff testified that he had no personal contact with Defendant Sims, nor does he know whether she personally destroyed, confiscated or lost his property. His claim against her is only that she was "in charge of the property room" at SMCI on March 24, 2011, and must be responsible.

Plaintiff has also named as Defendants Terry Terrell (Warden at EMCF); Quiyona Jackson (ARP Director at EMCF); and, Randy Townsend, Unit Manager at EMCF; these Defendants have filed an Answer denying any liability to Plaintiff.

Plaintiff charges that Warden Terrell answered his ARP on the Second Step Response, and should have done more to help him get his property back. Defendant

Jackson investigated his complaints and "did the work" on his ARP. Then she directed Plaintiff to file an ARP with SMCI, telling him that the ARP "never went" to SMCI. Defendant Townsend was his unit manager, on of the people Plaintiff talked to in his attempts to get help locating his property. None of these Defendants helped him get his property back, according to Plaintiff. However, Plaintiff does not charge that any Defendant actually took his property or deliberately assisted in preventing Plaintiff from locating his property.

At the omnibus hearing, this Court directed defense counsel to investigate and attempt to determine the location of Plaintiff's property. According to counsel, Plaintiff's property is not at SMCI; it was delivered to EMCF, as set forth in the First Step Response to Plaintiff's grievance.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

**ANALYSIS**

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving Plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). As discussed below, Plaintiff's claims that his property was taken without Due Process of law by Defendant Sims does not rise to the level of a constitutional deprivation under the circumstances set forth by Plaintiff.

When property is wrongfully taken by prison officials as a result of random and unauthorized acts, the claim of property deprivation is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *See Hudson*, 468 U.S. at 534. This holds equally true for claims of negligent

deprivation. *See Daniels*, 474 U.S. at 330; *Davidson v. Cannon*, 474 U.S. 344 (1986). State law may provide an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 534; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). The State of Mississippi provides at least two post-seizure remedies, including actions for conversion and claim and delivery. *See Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the elements for a conversion claim); Miss. Code Ann. § 11-38-1 (claim and delivery). Further, it has been held that "Mississippi' s post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because the State of Mississippi affords Plaintiff an adequate post-deprivation remedy for the alleged deprivation of his property, this Court finds that no due process violation exists. Therefore, Plaintiff has failed to state a violation of a constitutional right as required to maintain this claim pursuant to 42 U.S.C. § 1983.

Even if a constitutional claim was set forth, Plaintiff's claim against Defendant Sims must be dismissed. Plaintiff's testimony regarding Sims's involvement in the loss of his property is based upon her role only as the supervisor of the property room— he does not allege that she personally was involved in the loss of his property. There is no *respondeat superior* or supervisory liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff has simply stated no claim against Sims individually or personally.

Additionally, the Eleventh Amendment immunity asserted by Defendant Sims protects her in her official capacity. The qualified immunity asserted by Sims protects her in her individual capacity under the circumstances of this case.

For the same reasons, the Court finds that Plaintiff's claims must be dismissed as against the remaining Defendants Terrell, Jackson, and Townsend. Although they have not filed a dispositive motion, their counsel orally moved for dismissal at the omnibus hearing, and their defenses are asserted in the Answer. The law recited herein is also applicable regarding their actions in this cause, as described by Plaintiff. They are not vicariously liable for the loss and are entitled to the immunities asserted in their Answer. The Complaint shall be dismissed as to them pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim on which relief may be granted.

For these reasons,

IT IS, THEREFORE, ORDERED that Defendant Brenda Sims's Motion for Summary Judgment [32] is **granted**, and the Complaint filed by Plaintiff Hayes is dismissed with prejudice as to all Defendants.

SO ORDERED, this the 9th day of September 2013.

___s/ Linda R. Anderson________________
UNITED STATES MAGISTRATE JUDGE